IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRY GACH,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JASON LATVAAHO, DAVID SULLIVAN, CODY MATMGREN, and ZOIE KOUTEK,<br><br>　　　　　Defendants. | 8:25CV118<br><br><br>ORDER TO SHOW CAUSE |

　　　This matter is before the Court after review of the docket.  Plaintiff filed the Complaint against four individuals on February 20, 2025.  (Filing No. 1).  On May 23, 2025, counsel entered an appearance on behalf of two defendants, Jason Latvaaho and David Sullivan, and waived formal service of process effective as of that date.  (Filing No. 8).  On June 5, 2025, the Court entered an Order to Show Cause because Plaintiff has not filed summons returns for the two other defendants, Cody Matmgren and Zoie Koutek.  (Filing No. 10).

　　　In response to the Court's show cause order, on July 1, 2025, Plaintiff filed proof of service for Defendant Koutek, purporting to show she was served by certified mail at 9240 Cottonwood Lane, Maplewood Grove, MN, on April 18, 2025.  The return receipt was signed by an individual appearing to be named "Monica Cowan."  (Filing No. 13).  Plaintiff similarly filed a proof of service for Defendant Matmgren purporting to show he was also served by certified mail at 9240 Cottonwood Lane, Maplewood Grove, MN, on April 18, 2025.  The return receipt was also signed by an individual appearing to be named "Monica Cowan."  (Filing No. 12).  To date, neither Defendant has filed an answer or otherwise appeared in this case.

　　　Nebraska law permits service of an individual by certified mail.  See Neb. Rev. Stat. § 25-508.01(1).  Certified mail is not required to be sent to the defendant's residence or be restricted to delivery to the addressee.  See *Anthony K. v. Nebraska*, 855 N.W.2d 802, 811 (Neb. 2014); see Neb. Rev. Stat. § 25-501.01.  However, due process does "require[ ] notice to be reasonably calculated to apprise interested parties of the pendency of the action and to afford them the opportunity to present their objections." *Anthony K.*, 855 N.W.2d at 811.  "Service at a business address . . . that may or may not be the defendant's, received by an unknown person, is obviously not sufficient" to

comport with due process. *Anderson v. Nebraska*, No. 4:17-CV-3073, 2020 WL 2744575, at *2 (D. Neb. May 27, 2020).

The Court does not have enough information to determine whether receipt of summons by "Monica" at an apparent business address was adequate service of process upon Defendants Matmgren and Koutek.[1] Given that service was purportedly accomplished on April 18, 2025, neither defendant has filed a responsive pleading or otherwise appeared in this action, and Plaintiff has taken no further steps to prosecute this case, the Court will direct Plaintiff to show cause why this case should not be dismissed as to those defendants. See NECivR 41.2; Fed. R. Civ. P. 4(m). Accordingly,

**IT IS ORDERED** that Plaintiff shall have until **August 28, 2025,** to show cause why this case should not be dismissed as to Defendants Cody Matmgren and Zoie Koutek or take other appropriate action. The failure to timely comply with this order may result in dismissal of this action as to Defendants Cody Matmgren and Zoie Koutek without further notice.

Dated this 7th day of August, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

---

[1] According to the Answer (Filing No. 9) filed by Defendants Jason Latvaaho and David Sullivan, who were also served at 9240 Cottonwood Lane, Maplewood Grove, MN, Defendants Matmgren and Koutek are not currently employed by Latvaaho or Sullivan, providing even more doubt as to the adequacy of service of Matmgren and Koutek at the listed business address.