IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRY GACH,<br><br>               **Plaintiff,**<br><br>vs.<br><br>JASON LATVAAHO, DAVID SULLIVAN, CODY MATMGREN, and ZOIE KOUTEK,<br><br>               **Defendants.** | 8:25CV118<br><br>ORDER |

       This matter comes before the Court *sua sponte* upon review of the docket. As recounted by the Court's prior Order (Filing No. 16), Plaintiff filed a Complaint against four individuals on February 20, 2025: Jason Latvaaho ("Jason"), David Sullivan ("David"), Cody Matmgren ("Cody") and Zoie Koutek ("Zoie"). (Filing No. 1). According to Plaintiff's Complaint, Cody and Zoie were formerly employed by Plaintiff, but subsequently left and obtained employment with Plaintiff's competitor, Jason. Plaintiff has brought this action against all four defendants for defamation and tortious interference. (Filing No. 1).

       On May 23, 2025, counsel entered an appearance on behalf of two defendants, Jason and David, and waived formal service of process effective as of that date. (Filing No. 8). On June 5, 2025, the Court entered an Order to Show Cause because Plaintiff has not filed summons returns for the two other defendants, Cody and Zoie. (Filing No. 10).

       In response to the Court's show cause order, on July 1, 2025, Plaintiff filed proof of service for Zoie, purporting to show she was served by certified mail at 9240 Cottonwood Lane, Maplewood Grove, MN, on April 18, 2025. The return receipt was signed by an individual appearing to be named "Monica Cowan." (Filing No. 13). Plaintiff similarly filed a proof of service for Cody, purporting to show he was also served by certified mail at 9240 Cottonwood Lane, Maplewood Grove, MN, on April 18, 2025. The return receipt was also signed by an individual appearing to be named "Monica Cowan." (Filing No. 12). Neither Cody nor Zoie have filed an answer or other responsive pleading, and have otherwise not appeared or responded in this case. As such, on August 7, 2025, the Court again directed Plaintiff to show cause why this case should not be dismissed as to Cody and Zoie, or to take other appropriate action. (Filing No. 16).

The Order directed Plaintiff to provide additional information for the Court to determine whether receipt of summons by "Monica" at an apparent business address was adequate service of process upon Cody and Zoie.  (Filing No. 16).

In response to the Court's show cause order, on August 28, 2025, Plaintiff's counsel filed an affidavit asserting service of process was perfected for all four defendants by sending certified mail to 9240 Cottonwood Lane, Maple Grove, MN 55316, on April 8, 2025.  (Filing No. 17).  In his affidavit, Plaintiff's counsel asserts that this was proper service as to Cody and Zoie because they both were employed by Jason, whose place of business was located at 9240 Cottonwood Lane, Maple Grove, MN.  (Filing No. 17).  However, on August 29, 2025, Jason and David filed a response to Plaintiff's counsel's affidavit to "correct the record."  (Filing No. 19).  According to the attached Declaration of David Sullivan (one of the named defendants and the Vice President of Jason's company), Cody's last day of employment with Jason's company was on January 7, 2025, and Zoie's last day of employment was January 13, 2025.  (Filing No. 19-1 at p. 1).  Therefore, neither Cody nor Zoie were employed by or working at Jason's business at 9240 Cottonwood Lane on the date of service, April 8, 2025.  After signing the certified mail receipt, Ms. Cowan reviewed the documents and realized the "papers for Cod[y] and Zoie were mistakenly delivered to [Jason's business] and . . . returned Cody and Zoie's documents to Plaintiff's attorney via mail on April 9, 2025, with the notation that Cody and Zoie no longer work for [Jason's business.]"  (Filing No. 19-1 at p. 2).

Because Plaintiff timely responded the Court's Show Cause Order, the Court entered a text order terminating the show cause deadline and giving Plaintiff until September 12, 2025, to "take whatever action Plaintiff deems is appropriate as to Defendants Cody Matmgren and Zoie Koutek." (Filing No. 18).  On September 12, 2025, Plaintiff filed a motion for extension of time to take appropriate action, which Plaintiff apparently believes is necessary to "calculate the exact damages to date" in order to "file the proper motions[.]"  (Filing No. 20).

After review, the Court is unconvinced that Cody and Zoie have been properly served with notice of this action.  Rule 4(e) of the Federal Rules of Civil Procedure provides than an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Plaintiff did not deliver the summons and complaint to Cody or Zoie personally, did not leave a copy at either individual's residence, and did not deliver a copy to an authorized agent. See Fed. R. Civ. P. 4(e)(2). Thus, the Court must examine whether Plaintiff's service of process by certified mail to Jason's business address comports with Nebraska or Minnesota law. See Fed. R. Civ. P. 4(e)(1).

Under the Nebraska law, "An individual party, other than a person under the age of fourteen years, may be served by personal, residence, certified mail, or designated delivery service." Neb. Rev. Stat. § 25-508.01. See also Neb. Rev. Stat. § 25-505.01 (providing methods of service). Nebraska does not require service to be made at the defendant's residence, but due process requires "notice to be reasonably calculated to apprise interested parties of the pendency of the action and to afford them the opportunity to present their objections." *Doe v. Bd. of Regents of Univ. of Nebraska*, 788 N.W.2d 264, 508-509 (Neb. 2010), *overruled on other grounds* by *Davis v. State*, 902 N.W.2d 165 (Neb. 2017). Minnesota law provides that service upon an individual must be made by "delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein." Minn. R. Civ. P. 4.03(a). Minnesota law construes Rule 4 literally, and it "cannot be satisfied by service on [a] defendant's place of work or business" by leaving a summons and complaint with a receptionist. *Thiele v. Stich*, 425 N.W.2d 580, 584 (Minn. 1988); see also *Eppolite v. Swenson*, No. A19-1073, 2020 WL 1130360, at *3 (Minn. Ct. App. Mar. 9, 2020). Moreover, "Certified mail is not a valid form of service under Minnesota law." *Knapp v. Compass Minnesota, LLC*, No. 24-CV-00100 (SRN-DTS), 2024 WL 2832502, at *4 (D. Minn. June 4, 2024) (citing *Melillo v. Heitland*, 880 N.W.2d 862 (Minn. 2016)).

In this case, Plaintiff attempted to serve two individual defendants, Cody and Zoie, by certified mail sent to their former place of employment. Such service is plainly improper under

3

Minnesota law, which does not permit service of individuals by certified mail and does not permit service at an individual's place of employment.

The Court further finds Plaintiff's service of process was not proper under Nebraska law. The record establishes neither Cody nor Zoie were employed at Jason's business located at 9240 Cottonwood Lane, Maple Grove, MN 55316 at the time Ms. Cowan signed the certified mail receipts. ([Filing No. 19-1](#)). The record also establishes that the certified mail was not forwarded to Cody or Zoie, but was instead returned to Plaintiff's counsel with the notation that Cody and Zoie no longer worked there. Due process "requires notice to be reasonably calculated to apprise interested parties of the pendency of the action and to afford them the opportunity to present their objections." *Anthony K. v. Nebraska*, 855 N.W.2d 802, 811 (Neb. 2014). Service by certified mail of an administrative assistant at a business where two individual defendants have not worked for nearly three months is insufficient to comport with due process. See *Anderson v. Nebraska*, No. 4:17-CV-3073, 2020 WL 2744575, at *2 (D. Neb. May 27, 2020) ("The service method would not notify [the former employees] they had been sued in the underlying lawsuit."). Thus, the record does not establish that Cody and Zoie were properly or personally served, or otherwise received adequate notice of this lawsuit. As such, the Court will direct Plaintiff to locate Cody and Zoie and serve them in a manner outlined by Rule 4(e) of the Federal Rules of Civil Procedure. Accordingly,

**IT IS ORDERED**:
1. Plaintiff's Motion for Extension of Time ([Filing No. 20](#)) is denied as moot.
2. On the Court's own motion, the deadline for Plaintiff to complete proper service of process upon Defendants Cody Matmgren and Zoie Koutek is extended to **November 14, 2025**. See [Fed. R. Civ. P. 4(m)](#).
3. Failure to demonstrate proper service of process upon Defendants Cody Matmgren and Zoie Koutek by that date will result in a recommendation that this case be dismissed as to those defendants.

Dated this 15th day of September, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge