# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRY GACH<br><br>Plaintiff,<br><br>v.<br><br>JASON LATVAAHO, DAVID SULLIVAN, CODY MALMGREN and ZOIE KOUTEK SPENCER<br><br>Defendants. | CASE NO. 8:25-cv-00118-RFR-MDN<br><br>**AMENDED COMPLAINT FOR DEFAMATION OF CHARACTER AND TORTIOUS INTERFERENCE OF BUSINESS AND REQUEST FOR JURY TRIAL** |

## AMENDED COMPLAINT FOR DEFAMATION OF CHARACTER AND TORTIOUS INTERFERENCE OF BUSINESS AND REQUEST FOR JURY TRIAL AND REQUEST FOR JURY TRIAL

## INTRODUCTION

COMES NOW the Plaintiff, TERRY GACH ("Plaintiff'), and brings this action against Defendants, JASON LATVAAHO, DAVID SULLIVAN, CODY MALMGREN and ZOIE KOUTEK SPENCER ("Defendants") for Defamation of Character and Tortious Interference of Business and request for jury trial and alleges and states as follows:

1. This is an action for damages against the Defendants for willful and intentional Defamation of the Plaintiff's Character and Tortious Interference of Business.

## VENUE

2. Venue is appropriate in this Court as the vast majority of material facts occurred in Omaha, Douglas County, Nebraska and through digital media on the internet.

## PARTIES

3. Plaintiff, TERRY GACH is a resident of Omaha, Douglas County, Nebraska. Defendants JASON LATVAAHO, DAVID SULLIVAN, CODY MALMGREN and ZOIE KOUTEK SPENCER are residents of Hennepin County, Minnesota.

## BASIS FOR JURISDICTION

4. The Parties herein are citizens of different states and the amount in controversy exceeds Seventy-five thousand dollars.

5. The Defendants and each of them have minimum contacts with the Plaintiff's home state of Nebraska.

6. The defendants and each of them committed acts against the Plaintiff which were expressly aimed at causing harm in the Plaintiff's home state of Nebraska..

## STATEMENT OF CLAIM

7. The defamatory conduct of which the Plaintiff complains in this action includes publishing stolen internet videos taken out of context, disseminating false information about the Plaintiff through targeted emails to the Plaintiff's vendors.

8. The tortious interference of business of which the Plaintiff complains in this action includes publishing stolen internet videos taken out of context, disseminating false information about the Plaintiff through targeted emails to the Plaintiff's vendors.

9. The defamatory conduct of which the Plaintiff complains occurred on or before

September 24, 2024 and the best of Plaintiff's knowledge, continues to occur through the filing of this complaint.

10. The tortious interference of business of which the Plaintiff complains occurred on or before September 24, 2024 and the best of Plaintiff's knowledge, continues to occur through the filing of this complaint.

## **FACTS**

11. The Plaintiff is in the business of towing and recovering automobiles.

12. In 2024 the Plaintiff had a verbal altercation with the owner of a vehicle that Plaintiff's company had towed to the Plaintiff's tow lot.

13. With Plaintiff's knowledge, his then employees who are now Defendants in this action recorded video of the Plaintiff's verbal altercation with the vehicle owner. This recording was done within the scope of the Defendants' employment and at the Plaintiff's direction.

14. Then Plaintiff's tow lot is for the private use of the Plaintiff in the operation and security of his business. Further, the Plaintiff's tow lot is the private property of the Plaintiff.

15. The Defendants Matmgren and Koutek Spencer subsequently left the Plaintiff's employ and obtained employment with Plaintiff's competitor, Defendant Latvaaho.

16. Defendant Sullivan works for and is the Vice President of Defendant Latvaaho's company.

17. Subsequent to Defendants Koutek Spencer and Matmgren leaving the Plaintiff's employ, they supplied Defendants Sullivan and Latvaaho with the stolen copies of the video depicting Plaintiff's verbal altercation with the vehicle owner.

18. Defendants Latvaaho and Sullivan then engaged in a course of conduct to publish the stolen

video on the internet.

19. Defendants Latvaaho and Sullivan then engaged in a course of conduct of sending emails containing false information about the Plaintiff to Plaintiff's various vendors.

20. The Defendants and each of them acted with malicious intent toward the Plaintiff.

21. The actions and the words used in these defamatory acts committed by the Defendants were false and intended to mislead the public concerning the nature and business practices of the Plaintiff.

22. The Plaintiff has suffered tremendous pecuniary business losses.

23. The Plaintiff has suffered great personal embarrassment as a result of the Defendants and each of them.

## FIRST CAUSE OF ACTION

24. Plaintiff incorporates in this First Cause of Action all facts as described in paragraphs 11 through 23.

25. The Defendants and each of them, by and through their actions have intentionally and wrongly defamed the Plaintiff herein.

26. As a direct and proximate cause of the acts described in paragraphs 11 through 23 of this Complaint, Plaintiff has suffered emotional and physical distress, loss of enjoyment of life, substantial inconvenience, substantial monetary loss including attorney fees to bring this action.

## SECOND FIRST CAUSE OF ACTION

27. Plaintiff incorporates in this Second Cause of Action all facts as described in paragraphs 11 through 23.

28. The acts of the Defendants and each of them tortiously interfered with the business

of the Plaintiff.

29. As a direct and proximate cause of the acts described in paragraphs 11 through 23 of this Complaint, Plaintiff has suffered a loss of business, a loss of vendors and a loss of customers in the towing and recovery business owned by the Plaintiff.

## RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

a) Judgement against the Defendants and each of them for Defamation of Character;

b) Judgement against the Defendants and each of them for Tortious Interference of business.

c) An award of compensatory damages in an amount to be proven at Trial;
d) An award of punitive damages;

e) Injunctive relief enjoining the Defendants from making further defamatory statements about Plaintiff and from further tortious interference with Plaintiff's business;

f) Court costs and reasonable attorney fees; and

g) Such other and further relief as the Court deems just and equitable.

## REQUEST FOR JURY TRIAL

Plaintiff, TERRY GACH, hereby requests a jury trial to be held in Omaha, Douglas County, Nebraska.

TERRY GACH, Plaintiff

By: /s/ W. Randall Paragas

W. Randall Paragas #18382
Paragas Law Offices
9202 West Dodge Road Suite 307
Omaha, NE. 68114
(402) 926-2300
Email Wrpneb@aol.com