IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRY GACH, | ) | Case No.: 8:25-cv-00118-RFR-MDN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS JASON LATVAAHO** |
| | ) | **AND DAVID SULLIVAN'S ANSWER** |
| JASON LATVAAHO, et al., | ) | **TO AMENDED COMPLAINT** |
| | ) | |
| Defendants. | ) | |

Defendants Jason Latvaaho and David Sullivan (jointly "Defendants"), for their Answer to Plaintiff's Amended Complaint for Defamation of Character and Tortious Interference of Business and Request for Jury Trial ("Amended Complaint," Doc. 30), state as follows:

1. Paragraph 1 is a statement that requires no response; to the extent a response is required, Defendants deny any willful or intentional defamation of Plaintiff's character or tortious interference with his business.

## VENUE

2. Responding to Paragraph 2, Defendants do not dispute that venue is proper in this Court but deny any alleged violations.

## PARTIES

3. Defendants lack information or knowledge sufficient to admit or deny the residence of Plaintiff. Defendants admit that each of them are residents of Hennepin County, Minnesota. The balance of Paragraph 3 is not directed to Defendants and therefore does not require their response.

## BASIS FOR JURISDICTION

4. Defendants lack information or knowledge to admit or deny the allegations contained in Paragraph 4.

1

5. Paragraph 5 contains a legal conclusion to which a response is not required.

6. Defendants deny the allegations contained in Paragraph 6 as directed to them.

## STATEMENT OF CLAIM

7. Defendants deny the alleged "defamatory conduct" and deny the remaining allegations contained in Paragraph 7.

8. Defendants deny the alleged tortious interference of business and deny the remaining allegations contained in Paragraph 8.

9. Defendants deny the alleged "defamatory conduct" and deny the remaining allegations contained in Paragraph 9.

10. Defendants deny the alleged tortious interference of business and deny the remaining allegations contained in Paragraph 10.

## ALLEGED FACTS

11. Defendants admit the allegations in Paragraph 11.

12. Responding to Paragraph 12, Defendants admit that Plaintiff had a verbal altercation but deny that it occurred in 2024, and lack information or knowledge sufficient to admit or deny whether Plaintiff's company had towed the vehicle to Plaintiff's tow lot and, therefore, they deny the remainder of Paragraph 12.

13. Responding to Paragraph 13, based on information and belief, Defendants admit that Plaintiff's employees recorded a video of Plaintiff's verbal altercation with Plaintiff's employees' knowledge, but lack information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 13 and, therefore, deny the same.

14. Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 14 and, therefore, deny the same.

15. Responding to Paragraph 15, Defendants admit that Defendants Cody Matmgren and Zoie Koutek left Plaintiff's employ and obtained employment with a company associated with Defendant Jason Latvaaho (although they are not currently employed by either Defendant), but Defendants lack information or knowledge sufficient to admit or deny whether Defendant Jason Latvaaho is Plaintiff's "competitor," and, therefore, deny the same.

16. Defendants admit the allegations contained in Paragraph 16.

17. Defendants deny that video was "stolen" and therefore deny the allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants lack information or knowledge sufficient to admit or deny the allegations contained in Paragraph 22 and, therefore, deny the same.

23. Responding to Paragraph 23, Defendants deny that they caused any "personal embarrassment" to Plaintiff as such embarrassment, if any, was caused by Plaintiff's own conduct as shown in the recorded video, and, therefore, deny the allegations contained in Paragraph 23.

## **FIRST CAUSE OF ACTION**

24. Defendants restate every answer and paragraph set forth above as if fully set forth herein.

25. Defendants deny the allegations contained in Paragraph 25 as directed to them.

26. Defendants deny the allegations contained in Paragraph 26.

## SECOND CAUSE OF ACTION

27. Defendants restate every answer and paragraph set forth above as if fully set forth herein.

28. Defendants deny the allegations contained in Paragraph 28 as directed to them.

29. Defendants deny the allegations contained in Paragraph 29.

## RESPONSE TO REQUEST FOR JURY TRIAL

Defendants acknowledge Plaintiff's right to request a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

1. Defendants affirmatively allege that under Neb. Rev. Stat. § 25-840.01, Plaintiff failed to give Defendants notice by certified or registered mail specifying the statements believed to be defamatory and to specifically request correction. For this reason, Plaintiff is limited to recovery of special damages only for claims of defamation.

2. Defendants affirmatively allege that the publications, if any, by Defendants were true, made without actual malice, and/or were privileged.

3. Defendants affirmatively allege that the publications, if any, were privileged because they were made in good faith, without actual malice, with reasonable or probable grounds for believing them to be true, on a subject matter in which it had an interest or had a duty and were made by someone who had a similar interest or duty.

4. Defendants affirmatively allege that any actions by Defendants were justified and reasonable.

5. Defendants affirmatively allege that Plaintiff's Amended Complaint is barred in whole or in part by the doctrine of unclean hands.

6. Plaintiff's claims for punitive damages contravenes Article VII, § 5 of the Nebraska Constitution and are therefore not recoverable.

7.      Plaintiff's claims for attorney fees is barred by Nebraska law.

8.      Defendants reserve the right to add further affirmative defenses as discovery and litigation of this case progress.

WHEREFORE, having fully responded to the allegations in the Amended Complaint, Defendants pray that this Court dismiss the claims brought by Plaintiff with prejudice to future actions, at Plaintiff's costs, and for such other and further relief as the Court deems just and proper, including an award of Defendants' attorneys' fees as allowed by law.

DATED this 21st day of November, 2025.

          JASON LATVAAHO and DAVID SULLIVAN, Defendants

By: s/ Joshua C. Dickinson
Joshua C. Dickinson, Bar Number 23700
Shilee T. Mullin, Bar Number 22286
Attorneys for Said Defendants
Spencer Fane LLP
13815 FNB Parkway, Suite 200
Omaha, NE 68154
Telephone: (402) 965-8600
Fax: (402) 965-8601
E-mail: jdickinson@spencerfane.com
        smullin@spencerfane.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Nebraska this 21st day of November, 2025, with notice of case activity generated and sent electronically to all counsel of record.

s/ Joshua C. Dickinson
Attorney for Defendants Latvaaho and Sullivan