**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

**TERRY GACH,**

**Plaintiff,**

**vs.**

**JASON LATVAAHO, DAVID SULLIVAN, CODY MALMGREN, and ZOIE KOUTEK SPENCER,**

**Defendants.**

**8:25CV118**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion for Sanctions (Filing No. 66). Defendants contend Plaintiff's complaint was filed "with no basis in law or fact," and move the Court for an award attorneys' fees as a sanction against Plaintiff and his counsel "pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1928 [sic], and the Court's inherent authority." For the following reasons, this Court will deny the motion.

## BACKGROUND

On February 20, 2025, Plaintiff filed a Complaint against the individual defendants, Jason Latvaaho ("Jason"), David Sullivan ("David"), Cody Matmgren ("Cody") and Zoie Koutek ("Zoie"). (Filing No. 1). Plaintiff eventually filed an Amended Complaint (Filing No. 30) on November 20, 2025, which is the operative pleading. According to Plaintiff's Amended Complaint, Plaintiff is in the business of towing and recovering automobiles. Cody and Zoie were formerly employed by Plaintiff, but subsequently left and obtained employment with Plaintiff's competitor, Jason. David is the Vice President of Jason's company. In 2024, Plaintiff had a verbal altercation with an owner of a vehicle that Plaintiff's company had towed to the Plaintiff's tow lot; according to the Amended Complaint, with Plaintiff's knowledge and at his direction, his then-employees, Zoie and Cody, recorded video of the verbal altercation. Plaintiff alleges Cody and Zoie later "supplied" Jason and David with "stolen copies of the video depicting Plaintiff's verbal altercation with the vehicle owner" after they left their employment. Plaintiff alleges the video was then published online, and that David and Jason "then engaged in a course of conduct of sending emails containing false information about the Plaintiff to Plaintiff's various vendors."

(Filing No. 30 at pp. 3-4). Plaintiff has brought this action against all four defendants for defamation and tortious interference. (Filing No. 30 at p. 4).

The defendants have now filed a Motion for Sanctions (Filing No. 66), asserting Plaintiff was aware of facts putting him on notice that his claims for defamation and tortious interference against Zoie and Cody are baseless. Zoie and Cody filed declarations in support of the motion. In Zoie's declaration, she states her working hours at Plaintiff's company, 11th Hour Recovery, Inc., were 7:00 a.m. to 2:30 p.m. Before she left for the day at 2:30 p.m. on August 8, 2023, she mentioned to Cody that a customer was coming around 4:00 p.m. to retrieve his personal property from his vehicle. The video that is the subject of Plaintiff's Amended Complaint was taken at approximately 4:06 p.m. on August 8, 2023, after Zoie left work for the day. (Filing No. 68). Cody avers he began to record the customer using his personal smart phone because the customer was becoming agitated, aggressive, and looked like he was about to throw the trailer hitch. (Filing No. 69 at pp. 2-3). Cody states he began recording the customer in accordance with company policy, and not at the direction of Plaintiff, because Cody thought the customer was going to damage property or cause injury. Cody avers that after the incident, he sent the video via text message to Mike Jansons, who was the day-to-day operations manager of the lot. Cody further avers he "did not send the video to any other third party, other than Mr. Jansons, who was employed at 11th Hour Recovery." (Filing No. 69). Zoie avers she has never been in possession of the video and has never sent the recording to any third party. (Filing No. 68).

On June 3, 2026, defense counsel served Plaintiff's counsel with a draft of the motion for sanctions and supporting documents, but "Mr. Gach and his counsel failed to voluntarily dismiss the complaint despite the clear and obvious defects therein regarding Mr. Malmgren and Ms. Koutek." (Filing No. 72 at p. 5). Defendants contend sanctions are warranted under Rule 11 of the Federal Rules of Civil Procedure, the Federal Vexatious Litigation Statute (28 U.S.C. § 1927), and the Court's inherent authority.

Plaintiff filed a brief opposing the motion for sanctions.[1] (Filing No. 80). In his brief, Plaintiff asserts "ongoing discovery has already exposed the falsity" of Cody and Zoie's

[1] Plaintiff did not file an Index of Evidence to support the factual assertions in his brief. *See* NECivR 7.1(b)(2)(A) ("When filing the opposing brief, the opposing party must also file and serve supporting evidentiary material not previously filed. A factual assertion in the opposing brief must cite to the pertinent page of the pleading, affidavit, deposition, discovery material, or other evidence on which the opposing party relies."). Given the nature of the motion and under the circumstances, the Court will nevertheless consider Plaintiff's statements in his brief.

statements. Plaintiff represents in his brief that on September 25, 2026, during the deposition of Jason Spencer ("Spencer"), a former employee of Plaintiff, Spencer testified that on August 8, 2023, shortly after 4:06 p.m., he received the video at issue directly from Cody's phone. Spencer also testified Cody's sworn declaration asserting Cody never sent the video to any third party other than Mike Jansons was false and incorrect. (Filing No. 80 at p. 1). After Spencer's deposition, Plaintiff requested availability from defense counsel to depose the four defendants prior to the deposition deadline of October 2, 2026. Defense counsel declined.

In reply to Plaintiff's brief, Cody provided a second declaration stating he also sent the video to Spencer, who was also an employee of Plaintiff's at the time. (Filing No. 88). Defendants assert in their reply brief Cody did this "to cover his bases and to make sure somebody had it." (Filing No. 86 at pp. 1-2).

## STANDARDS OF REVIEW

### A. Rule 11

Rule 11 requires all parties who file pleadings, motions and other papers in federal court to ensure "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the claims and arguments presented "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law," that the "factual contentions have evidentiary support," that the "denials of factual contentions are warranted on the evidence," and that the filing was not made "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b).

Rule 11 is to deter baseless filings in district court. See *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "[T]he primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct." *Kirk Capital Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994). "[T]he standard under Rule 11 is whether the attorney's conduct, "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Clark v. United Parcel Ser., Inc.*, 460 F.3d 1004, 1009 (8th Cir. 2006) (quoting *Perkins v. Spivey*, 911 F.2d 22, 36 (8th Cir. 1990)). "Rule 11 requires that an attorney conduct a reasonable inquiry of the factual and legal basis of the claim before filing." *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003) (quoting *Miller v. Bittner*, 985 F.2d 935, 938 (8th Cir. 1993). "To constitute a reasonable inquiry, the prefiling

investigation must uncover a factual basis for the [. . .] allegations, as well as a legal basis." *Coonts*, 316 F.3d at 753 (quoting *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991)). Ultimately, court's job is to determine "whether a reasonable and competent attorney would believe in the merit of an argument." *Id.*

A party may be sanctioned if his claim "did not have any basis in fact"; if the party failed to present any facts supporting the claim or motion; or if the claim or motion was based on immaterial factual allegations. *MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 625 (8th Cir. 2003). The duty to assess the viability of a claim is a continuing one and, as such, a party may be sanctioned if they persist with a claim once it becomes apparent that it lacks evidentiary support. Fed. R. Civ. P. 11, Advisory Committee Notes to 1993 Amendment (the rule "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable" and "a litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in the those pleadings and motions after learning that they cease to have any merit").

**B. 28 U.S.C. § 1927**

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred by such conduct." 28 U.S.C. § 1927. Because § 1927 "is penal in nature, it should be strictly construed so that it does not dampen the legitimate zeal of an attorney in representing his client." *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999) (internal quotation marks and citation omitted). Sanctions under § 1927 are "a serious matter [that] should be approached with circumspection." *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987). At minimum, the attorney's conduct, viewed objectively, must manifest either intentional or reckless disregard of the attorney's duties to the court. *Jones v. UPS, Inc.*, 460 F.3d 1004, 1011 (8th Cir. 2006) (citing *Tenkku v. Normandy Bank*, 348 F.3d 737, 743 (8th Cir. 2003)). "[S]anctions under § 1927, unlike those under Rule 11, are discretionary, not mandatory." *Burull v. First Nat. Bank of Minneapolis*, 831 F.2d 788, 790 (8th Cir. 1987).

### C. The Court's Inherent Authority

Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33, 44-45 (1991). As part of that inherent power, federal courts have the authority to sanction a party that has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, practices a fraud upon the court, or delays or disrupts the litigation or hampers a court order's enforcement. See *id.*; see also *Wescott Agri-Prod., Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1095 (8th Cir. 2012). The Eighth Circuit has also consistently recognized that courts have, by virtue of their inherent authority, the discretion "to fashion an appropriate sanction for conduct which abuses the judicial process." *Sherman v. Rinchem Co., Inc.*, 687 F.3d 996, 1006 (8th Cir. 2012) (citation omitted). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 32 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962)). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Schlafly v. Eagle Forum*, 970 F.3d 924, 936 (8th Cir. 2020) (quoting *Chambers*, 501 U.S. at 44-45). Although "a court ordinarily should rely on the [Federal] Rules rather than [its] inherent power when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, a court may safely rely on its inherent power if in its informed discretion . . . the Rules are [not] up to the task." *Schlafly*, 970 F.3d at 936 (quoting *Chambers*, 501 U.S. at 50) (internal quotation marks omitted). Additionally, the Eighth Circuit has recognized that, under a court's inherent power to sanction parties, "a finding of bad faith is not always necessary to the court's exercise of its inherent power to impose sanctions." *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 745 (8th Cir. 2004) (citing *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 267 (8th Cir. 1993) and *Harlan v. Lewis*, 982 F.2d 1255, 1260 (8th Cir. 1993)). Abusive conduct sanctionable under the court's inherent power may include "extrajudicial communications intended to harass or intimidate opposing parties, their counsel, or the Court." *Fredin v. Middlecamp*, No. 17-CV-03058 (SRN/HB), 2020 WL 6867424, at *5 (D. Minn. Nov. 23, 2020), *aff'd*, 855 F. App'x 314 (8th Cir. 2021) (collecting cases); see, e.g., *Frumkin v. Mayo Clinic*, 965 F.2d 620 (8th Cir. 1992) (upholding sanction in response to litigant threatening witnesses); *Blum v. Schlegel*, No. 91-CV-633S, 1996 WL 925921, at *8 (W.D.N.Y. May 9, 1996), *aff'd*, 108 F.3d

1369 (2d Cir. 1997) (sanctioning litigant for sending letters to third parties disparaging opposing counsel and the presiding judge).

## ANALYSIS

The Court finds that sanctions are not warranted against Plaintiff under any of theories propounded by Defendants. At the time Defendants filed their motion, written discovery had not concluded, and Defendants had not yet sat for depositions. Defendants' motion for sanctions is premised entirely on two self-serving declarations filed by two defendants stating they did not do what Plaintiff accuses them of doing in his pleadings. That does not form the basis of a motion for sanctions. It was reasonable while discovery and depositions were ongoing for Plaintiff to continue to work to advance his claims, including deposing the defendants about Plaintiff's allegations and probing his former employees regarding how the video at issue ended up on the internet.[2]

The necessity of providing Plaintiff with an opportunity to cross-examine the defendants is apparent from the defendants' own self-serving declarations. In Cody's first sworn declaration, he states he only sent the video to Mike Jansons and "did not send the video to any other third party, other than Mr. Jansons[.]" (Filing No. 69 at ¶ 15-17). Then, after Plaintiff filed his brief opposing Defendants' motion for sanctions in which he points out another employee, Jason Spencer, testified during his deposition that he received a copy of the video from Cody, Cody filed a second declaration admitting he also sent the video to Spencer. (Filing No. 88). Thus, Cody's second declaration directly contradicts his first declaration. And while there is no indication Zoie's declaration contains a similar contradiction, that still does not alleviate her obligation from sitting for a deposition for Plaintiff to probe the veracity of her statements or otherwise constitute grounds for sanctioning Plaintiff.

Despite the contradiction in Cody's declarations, Defendants assert sanctions are still warranted because Spencer was also Plaintiff's employee at the time Cody sent the video, and therefore Plaintiff's claims still must fail. While it is apparent from Defendants' briefing that they believe Plaintiff's claims are meritless, that belief should be advanced on a motion for summary

[2] The undersigned magistrate judge held a telephone conference with counsel on September 30, 2026, regarding written discovery issues and Defendants' refusal to sit for depositions in light of their motion for sanctions. The magistrate judge directed Plaintiff to proceed with the depositions of the defendants, and extended the deadline to complete their depositions to October 30, 2026. The Court presumes those depositions are now complete.

judgment after both parties have competed the written discovery and the deposition process. The Court generally agrees with Plaintiff that "moving for sanctions on the theory that Plaintiff lacks evidence while refusing to submit their own clients to deposition," is inappropriate. The Court further agrees Defendants' motion "improperly attempts to short-circuit the truth-seeking process." Under the circumstances, it was reasonable for Plaintiff to continue to advance his claims through the regular discovery process, after which the defendants may move for summary judgment if they believe Plaintiff failed to establish his claims. *See, e.g.*, *Cjbruno Enters., Inc. v. Franchise Cap. Sols., LLC*, No. 8:25CV728, 2026 WL 2582154, at *3 (D. Neb. July 27, 2026), *objections overruled*, No. 8:25CV728, 2026 WL 2546312 (D. Neb. Aug. 28, 2026) (denying motion for Rule 11 sanctions after finding the defendant's characterizations of "inconsistencies" in the plaintiff's complaints, finding it reasonable for the plaintiff to continue to conduct discovery to advance his claims). Defendants have not demonstrated sanctions are warranted under Rule 11, 28 U.S. C. § 1927, or the Court's inherent authority. Accordingly,

**IT IS ORDERED:** Defendants' Motion for Sanctions (Filing No. 66) is denied.

Dated this 13th day of November, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge